**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| MATT HOEWISCH, DAVID CRAWFORD, and ABBIE CRAWFORD, <br><br>                 Plaintiffs, <br><br>     v. <br><br> SCHUYLER COUNTY, MISSOURI, <br> <u>Serve</u>: <br> Lisa Small <br> County Clerk <br> 110 W. Washington St. <br> Lancaster, MO 63548 <br><br>                 Defendant. | Case No. <br> Div. <br><br> **Jury Trial Demanded** |

**COMPLAINT**

Plaintiffs Matt Hoewisch, David Crawford, and Abbie Crawford, by and through counsel, for their Complaint against Defendant Schuyler County, Missouri, state as follows:

**NATURE OF THE ACTION**

1. This is an action for unpaid minimum wages, unpaid overtime compensation, liquidated damages, statutory damages, attorneys' fees, and equitable relief arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq*. ("MMWL").

2. Plaintiffs are sworn deputy sheriffs employed by Defendant.

3. During the relevant period, Defendant required Plaintiffs to perform compensable work, including highly restrictive on-call time, court appearances, training, and regular duty shifts, without paying all wages and overtime compensation required by federal and Missouri law.

4.    Defendant failed to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of the applicable statutory overtime thresholds.

5.    Defendant's violations were willful.

**PARTIES**

6.    Plaintiff Matt Hoewisch is an adult resident of Columbia, Missouri.

7.    Plaintiff David Crawford is an adult resident of Queen City, Missouri.

8.    Plaintiff Abbie Crawford is an adult resident of Queen City, Missouri.

9.    At all relevant times, Plaintiffs were employed by Defendant as full-time deputy sheriffs.

10.    Defendant Schuyler County, Missouri is a political subdivision of the State of Missouri and a public employer within the meaning of 29 U.S.C. § 203(d) and § 203(x).

11.    Defendant employed Plaintiffs within the meaning of 29 U.S.C. § 203(g) and the Missouri Minimum Wage Law.

12.    At all relevant times, Defendant acted directly and through its elected Sheriff and supervisory personnel, who had authority to schedule work, establish compensation practices, maintain payroll records, and control the wages paid to Plaintiffs.

**JURISDICTION AND VENUE**

13.    This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14.    This Court has supplemental jurisdiction over Plaintiffs' Missouri Minimum Wage Law claims pursuant to 28 U.S.C. § 1367.

15.    Defendant is a public agency engaged in interstate commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and the acts and omissions giving rise to Plaintiffs' claims occurred in this District.

## GENERAL ALLEGATIONS

17.     At all relevant times, Plaintiffs were employed by Defendant as sworn deputy sheriffs performing law enforcement duties within Schuyler County, Missouri.

18.     Plaintiffs are non-exempt employees under the Fair Labor Standards Act and the Missouri Minimum Wage Law.

19.     Defendant scheduled and required Plaintiffs to work regular duty shifts, overnight shifts, and on-call shifts.

20.     In addition to scheduled duty shifts, Plaintiffs were required to remain on-call during designated periods.

21.     During on-call periods, Plaintiffs were subject to severe restrictions on their personal activities.

22.     While on call, Plaintiffs were required to remain within a defined geographic area, remain immediately reachable by headquarters, and be prepared to engage in law enforcement activities without delay.

23.     While on call, Plaintiffs were required to remain sober, dressed, and ready to respond to emergency calls for service, including domestic disturbances, motor vehicle accidents, criminal investigations, and other law enforcement matters.

24.     Plaintiffs could not leave the area, attend movies, go on dates, consume alcohol, or otherwise meaningfully engage in personal activities inconsistent with immediate law enforcement response while on call.

25.     The on-call time imposed by Defendant was spent primarily for Defendant's benefit and constituted compensable hours worked under 29 C.F.R. § 785.17 and related authority.

26.     Defendant did not compensate Plaintiffs for on-call time.

27.     Plaintiffs were also required to attend court proceedings related to their law enforcement duties.

28.     Court appearances were mandatory and related directly to Plaintiffs' employment responsibilities.

29.     Defendant did not compensate Plaintiffs for court time.

30.     Plaintiffs were further required to attend training sessions related to their law enforcement duties.

31.     Such training was mandatory and directly related to Plaintiffs' employment.

32.     Defendant did not compensate Plaintiffs for certain required training time.

33.     Throughout the FLSA statutory limiting period, Plaintiffs received very little or no overtime compensation despite working hours in excess of the applicable statutory thresholds.

34.     Defendant failed to pay Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in one or more workweeks.

35.     Defendant did not establish, communicate, or administer a lawful 29 U.S.C. § 207(k) work period applicable to Plaintiffs.

36.     To the extent that a § 207(k) work period applied, Defendant failed to include compensable on-call time, mandatory court appearance time, training time, and other hours worked, in calculating overtime compensation.

37.     Defendant failed to maintain accurate records of all hours worked by Plaintiffs as required by 29 U.S.C. § 211(c) and applicable regulations.

38.     Defendant's failure to record and compensate all hours worked resulted in the underpayment of straight time wages and overtime premiums.

39.     Defendant knew or showed reckless disregard for whether its compensation practices complied with the FLSA and Missouri law.

40.     Defendant's violations were willful because it knew the pay practices did not comply with, or showed reckless disregard for whether its pay practices complied with, the FLSA and Missouri law. Defendant intentionally excluded compensable on-call, court, and training time from hours worked, failed to pay any overtime in 2025 despite regularly scheduling work in excess of statutory thresholds, and failed to maintain accurate records, reflecting deliberate or reckless disregard of its legal obligations.

### COUNT I – FLSA VIOLATIONS

41.     Plaintiffs incorporate by reference the foregoing and below as though fully set forth herein.

42.     The FLSA requires employers to compensate non-exempt employees at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, 29 U.S.C. § 207(a)(1).

43.     To the extent that a partial overtime exemption under 29 U.S.C. § 207(k) applies, Defendant is required to pay overtime compensation at one and one-half times Plaintiffs' regular rate of pay for hours worked in excess of the applicable maximum hours standard.

44.     Plaintiffs worked hours in excess of the applicable overtime thresholds, including compensable on-call time, court time, training time, and regular duty shifts.

45.     Defendant failed to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of the statutory overtime thresholds.

46.     Defendant failed to include all compensable hours worked when calculating overtime compensation.

47.     Defendant failed to maintain accurate records of all hours worked as required by 29 U.S.C. § 211(c).

48.     Defendant's violations were willful.

49.     Defendants conduct in failing to pay Plaintiffs for all hours worked at the lawful amount for overtime was neither reasonable nor in good faith.

50.     The FLSA provides that aggrieved workers may sue their employers for failure to comply with minimum wage and overtime laws. Prevailing workers are entitled to the full amount of the wage rate and an additional amount equal to twice the unpaid wages as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. Plaintiffs are entitled to the same.

### PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Plaintiffs request: (a) a finding that Defendant failed to pay overtime at one-and-one-half times the correct regular rate; (b) judgment for unpaid overtime and liquidated damages; (c) a finding of willfulness; (d) fees, costs, and, alternatively, prejudgment interest; and (e) all further relief deemed just and equitable.

## COUNT II – MMWL OVERTIME AND WAGE UNDERPAYMENT

51. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth here.

52. Plaintiffs are "employees," and Defendant is an "employer," as defined by the Missouri Minimum Wage Law (MMWL). Mo. Rev. Stat. § 290.500(3)–(4).

53. MMWL requires an employer to pay employees one-and-one-half times their regular rate for all hours worked over forty (40) in a workweek and provides a private right of action with double damages and fee-shifting.

54. Defendant violated the MMWL by (a) failing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of the statutory overtime thresholds, (b) failing to include all compensable hours worked when calculating Plaintiffs' overtime compensation, and (c) failing to maintain accurate records of all hours worked by Plaintiffs.

55. Under Mo. Rev. Stat. § 290.527, Plaintiffs seek unpaid overtime, double damages, prejudgment interest as permitted, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF ON COUNT II

WHEREFORE, Plaintiffs request: (a) judgment for unpaid wages and double damages; (b) fees, costs, and interest; and (c) such further relief as the Court deems just and equitable.

-8-

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC


 /s/ Raymond Salva, Jr.
Raymond E. Salva, Jr.          Mo. Bar No. 66191
Fiona E. Taus                  Mo. Bar No. 75784
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail:  rsalva@bktplaw.com
E-mail:  ftaus@bktplaw.com
ATTORNEY FOR PLAINTIFFS